IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Case No.  3:15-CV-337 |
| | § | |
| $85,000.00 in U.S. currency in Safe Deposit | § | |
| Box A1759 at Bank of America | § | |
| and | § | |
| $99,000.00 in U.S. currency in Safe Deposit | § | |
| Box #252 at The Northern Trust Company, | § | |
| Defendant Property | § | |

## COMPLAINT FOR FORFEITURE

Plaintiff United States of America ("the government") files this complaint *in rem* against the defendant property, alleging the following pursuant to Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (Federal Rules of Civil Procedure):

## NATURE OF THE ACTION

1.     The government seeks to forfeit the defendant property to the United States pursuant to 21 U.S.C. § 881(a)(6), 18 U.S.C. § 981(a)(1)(A), and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (Federal Rules of Civil Procedure).

**Complaint for Forfeiture - Page 1**

## THE DEFENDANT PROPERTY AND ITS LOCATION

2.      The defendant property is comprised of (1) $85,000.00 in United States currency

found in Safe Deposit Box A1759 at Bank of America seized on September 11, 2014 and

(2) $99,000.00 in United States currency found in Safe Deposit Box #252 at The

Northern Trust Company seized on September 12, 2014.  The defendant property was

seized by officers of the Coppell Police Department, acting in conjunction with agents of

the Drug Enforcement Administration and pursuant to search warrants.

3.      The defendant property is currently in the custody and management of the United

States Marshals Service in the Northern District of Texas.

## JURISDICTION AND VENUE

4.      The court has subject matter jurisdiction of this cause of action by virtue of 28

U.S.C. §§ 1345 and 1355(a), since this is a forfeiture action commenced by the United

States of America.

5.      The court has *in rem* jurisdiction over the defendant property pursuant to 28

U.S.C. § 1355(b).

6.      Venue is proper in the Northern District of Texas under 28 U.S.C. § 1355(b)(1)

and 28 U.S.C. § 1395(b), because acts or omissions giving rise to the forfeiture occurred

in the Northern District of Texas and the defendant property was found in the Northern

District of Texas.

## POTENTIAL CLAIMANT TO DEFENDANT PROPERTY

7.      The only potential claimant to the defendant property known to the government is

Rocky Battista.  Battista, through attorney James Bustamante, claimed ownership of the

defendant property in November 2014 in the administrative forfeiture proceeding

initiated by the DEA against those items following their seizure.

8.      Rocky Battista may be served with process at 278 Morning Sun Avenue, Mill

Valley, California 94941, or through attorney James Bustamante, Bustamante Gilg Raun

Schultz & Meier, 809 Montgomery Street, 2nd Floor, San Francisco, California 94133,

since Mr. Bustamante represented Battista in the DEA's administrative forfeiture

proceeding and filed Battista's claim to the defendant property with the DEA.

<u>BASIS FOR FORFEITURE</u>

<u>Relevant Statutes</u>

9.      Title 21, United States Code ("U.S.C.") § 812 establishes schedules for controlled

substances, specifically, Schedules I through Schedule V, depending on the substance's

level of potential for abuse, the substance's current medical use, and the substance's level

of possible physical dependence.

10.     Title 21, U.S.C. 841(a)(1) criminalizes the unlawful distribution of controlled

substances, including marijuana, and Title 21, U.S.C. § 846 criminalizes any conspiracy

to do so.

11.     All moneys and things of value furnished or intended to be furnished by any

person in exchange for a controlled substance or listed chemical, including marijuana, in

violation of Title 21, U.S.C. §§ 841(a)(1) or 846; all proceeds traceable to such an

exchange; and all moneys used or intended to be used to facilitate any violation of Title

21, U.S.C. §§ 841(a)(1) or 846 are subject to civil forfeiture to the United States of America pursuant to Title 21, U.S.C. § 881(a)(6).

12.     Title 18, U.S.C. § 1956 criminalizes knowingly conducting a financial transaction involving the proceeds of a specified unlawful activity with the intent to promote the carrying on of specified unlawful activity or knowing that the transaction is designed, in whole or in part, to conceal the nature, source, ownership, location, or control of the proceeds.

13.     Title 18, U.S.C. § 1957 criminalizes engaging in a monetary transaction involving the proceeds of specified unlawful activity of value more than $10,000.

14.      All property involved in, or traceable to property involved in, money laundering is subject to forfeiture under 18 U.S.C. § 981(a)(1)(A).

Relevant Activity

15.     Rocky Battista ("Battista") has been a large-scale marijuana distributor since at least 2004.

16.     On September 9, 2014, DEA agents executed a search warrant at Battista's residence in Mill Valley, California.  When the DEA agents arrived at the residence and announced the search, Battista left the residence through a window.  During the search, agents found approximately sixty-eight (68) pounds of high-grade marijuana; marijuana "shatter";  marijuana "wax"; notes detailing marijuana sales; approximately $45,000.00 in U.S. currency; and safe deposit box keys inside the residence.

17.     During the search, agents located and detained Battista in a neighboring

**Complaint for Forfeiture - Page 4**

residence's yard.  After being advised of his *Miranda* rights, Battista agreed to speak to agents.  Battista then told the agents, among other things, that he was an audio engineer, but had moved to California to get in the marijuana business and that he brokers marijuana transactions.

18.     On September 11, 2014, DEA agents in the Dallas, Texas area obtained and executed a search warrant for a safe deposit box in Battista's name (A1759) at a Bank of America branch in Dallas, Texas.  When the agents searched the safe deposit box, they found and seized several large envelopes containing a total of $85,000.00 in U.S. currency inside the box.  There was no writing or markings on the envelopes.  The currency inside the envelopes was bundled in stacks secured with rubber bands.  The bundles consisted of various denominations of U.S. currency, including $5 bills, $10 bills, $20 bills, and $100 bills.  The bundles were contained in six heat-sealed plastic bags.

19.     On the following day (September 12, 2014), DEA agents in the Dallas, Texas area obtained and executed a search warrant for a safe deposit box in Battista's name (#252) at The Northern Trust Company ("NTC") in Addison, Texas.  When the agents searched the safe deposit box, they found and seized several large envelopes containing a total of $99,000.00 in U.S. currency inside the box.  "Royalty Sound LLC" was written in black marker on the outside of three on the envelopes.  The currency inside the envelopes was bundled in stacks secured with rubber bands.  The bundles consisted of various denominations of U.S. currency, including $10 bills, $20 bills, and $100 bills.  The

bundles were contained in approximately ten heat-sealed plastic bags.

20.     On that same day (September 12, 2014), DEA agents searched Apartment #6836 at 5060 Addison Circle, Addison, Texas.  When the agents searched the apartment, they found plastic bags, plastic wrappings, and cloth duffel bags labeled "Mr Nice", "Mr Nice Guy", "Kush", "BBC", and "Sour d" in marker; the names on the bags and wrappings are known strains, or types, of marijuana.   Agents also found a machine that could use heat to seal plastic bags; computers; music equipment; marijuana; handwritten notes and notebooks indicating the sale of marijuana, including amounts owed; and bank records issued by The Northern Trust Company, inside the apartment.

21.     Battista's LinkedIn profile states that Battista attended the SMU Dedman School of Law and has been the executive producer of Royalty Sound since 2004.  According to state records, Royalty Sound, LLC was formed as a Texas business entity in May 2006, with Battista and another Dallas-based individual as managers and listing a business address of 5060 Addison Circle #6836, Addison, Texas.

22.     Since 2004, Battista has earned hundreds of thousands of dollars from marijuana trafficking.

23.     All, or a portion of, the $85,000.00 in United States currency found in Safe Deposit Box A1759 at Bank of America on September 11, 2014 was furnished in exchange for a controlled substance or listed chemical in violation of Title 21, United States Code §§ 841(a)(1) or 846.

24.     All, or a portion of, the $85,000.00 in United States currency found in Safe

Deposit Box A1759 at Bank of America on September 11, 2014 is proceeds traceable to the exchange of a controlled substance or listed chemical in violation of Title 21, United States Code §§ 841(a)(1) or 846.

25.     All, or a portion of, the $85,000.00 in United States currency found in Safe Deposit Box A1759 at Bank of America on September 11, 2014 was used or intended to be used to facilitate a violation of Title 21, United States Code §§ 841(a)(1) or 846.

26.     All, or a portion of, the $99,000.00 in United States currency found in Safe Deposit Box #252 at The Northern Trust Company on September 12, 2014 was furnished in exchange for a controlled substance or listed chemical in violation of Title 21, United States Code §§ 841(a)(1) or 846.

27.     All, or a portion of, the $99,000.00 in United States currency found in Safe Deposit Box #252 at The Northern Trust Company on September 12, 2014 is proceeds traceable to the exchange of a controlled substance or listed chemical in violation of Title 21, United States Code §§ 841(a)(1) or 846.

28.     All, or a portion of, the $99,000.00 in United States currency found in Safe Deposit Box #252 at The Northern Trust Company on September 12, 2014 was used or intended to be used to facilitate a violation of Title 21, United States Code §§ 841(a)(1) or 846.

29.     All, or a portion of, the $85,000.00 in United States currency found in Safe Deposit Box A1759 at Bank of America on September 11, 2014 was involved in money laundering, in violation of Title 18, U.S.C. § 1956.

**Complaint for Forfeiture - Page 7**

30.     All, or a portion of, the $99,000.00 in United States currency found in Safe Deposit Box #252 at The Northern Trust Company on September 12, 2014 was involved in money laundering, in violation of Title 18, U.S.C. § 1956.

31.     All, or a portion of, the $85,000.00 in United States currency found in Safe Deposit Box A1759 at Bank of America on September 11, 2014 was involved in, or is traceable to property involved in, money laundering in violation of Title 18, U.S.C. § 1957.

32.     All, or a portion of, the $99,000.00 in United States currency found in Safe Deposit Box #252 at The Northern Trust Company on September 12, 2014 was involved in, or is traceable to property involved in, money laundering in violation of Title 18, U.S.C. § 1957.

33.     All, or a portion of, the $85,000.00 in United States currency found in Safe Deposit Box A1759 at Bank of America on September 11, 2014  is subject to civil forfeiture pursuant to Title 21, U.S.C. § 881(a)(6).

34.     All, or a portion of, the $99,000.00 in United States currency found in Safe Deposit Box #252 at The Northern Trust Company on September 12, 2014 is subject to civil forfeiture pursuant to Title 21, U.S.C. § 881(a)(6).

35.     All, or a portion of, the $85,000.00 in United States currency found in Safe Deposit Box A1759 at Bank of America on September 11, 2014  is subject to civil forfeiture pursuant to Title 18, U.S.C. § 981(a)(1)(A).

36.     All, or a portion of, the $99,000.00 in United States currency found in Safe

Deposit Box #252 at The Northern Trust Company on September 12, 2014 is subject to civil forfeiture pursuant to Title 21, U.S.C. § 981(a)(1)(A).

## RELIEF SOUGHT

37.     Therefore, the government requests the following:

   a.   the District Clerk issue a warrant for the arrest of the defendant property, pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions;

   b.   the United States Marshals Service arrest the defendant property, pursuant to the warrant, as provided by Rule G(3)(c) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions;

   c.   the government publish notice of the complaint for forfeiture on the website www.forfeiture.gov for at least 30 consecutive days, in accordance with Rule G(4)(a)(iv)(c) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions;

   d.   the United States Marshals Service serve notice, pursuant to Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, on any person reasonably appearing to be a known potential claimant, advising the person of the date of notice; of the deadline for filing a claim; that an answer or motion under Rule 12(b) must be filed no later than 21 days after the filing of the claim; and of the name of the government's attorney to be served with the claim and answer;

**Complaint for Forfeiture - Page 9**

e.  the court, after all proceedings are had on this complaint for forfeiture, declare the defendant property forfeited to the government according to law;

f.  the court appropriately tax all costs and expenses incurred by the government in obtaining the forfeiture of the defendant property against any persons or entities who filed a verified claim and answer herein; and

g.  the court grant the government any further relief, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

JOHN R. PARKER
Acting United States Attorney

**/s/ JOHN J. DE LA GARZA III**
Assistant United States Attorney
Texas State Bar Number 00796455
1100 Commerce St., Third Floor
Dallas, Texas 75242
Telephone: 214-659-8682
Facsimile: 214-659-8803
John.delagarza@usdoj.gov

**Complaint for Forfeiture - Page 10**

## VERIFICATION OF COMPLAINT

I, Justin Hitz, declare under penalty of perjury that the following is true and correct to the best of my knowledge.

I am a Special Agent with the Drug Enforcement Administration, and I have been assigned to assist in the forfeiture of the defendant property. I have read the foregoing Complaint for Forfeiture and know its contents, and I verify that the factual information contained in the Complaint for Forfeiture is true and correct.

Date: February _3_ , 2015.

Justin Hitz
Special Agent, DEA